

ENTERED
10/19/2012

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 12-33368 |
| SHENNA BRADLEY; aka COLE | § | CHAPTER 13 |
| | § | |
| Debtor(s). | § | DAVID R. JONES |

### MEMORANDUM OPINION
(Docket No. 44)

On August 2, 2012 and August 20, 2012, the Court conducted a hearing to consider its Order to Show Cause [Docket No. 44]. For the reasons set forth below, the Court finds that CRES Management, LLC failed to comply with this Court's May 15, 2012 Order. As the owner and a senior officer of CRES Management, LLC, Teresa Lippert facilitated that failure. Moreover, Ms. Lippert intentionally attempted to undermine this Court's authority. The Court finds that compensatory sanctions are appropriate and will be imposed jointly and severally against CRES Management, LLC and Teresa Lippert. A separate order will issue consistent with this opinion.

### Background

1. The Debtor filed a voluntary petition under chapter 13 of the Bankruptcy Code on May 1, 2012 [Docket No. 1].

2. On May 14, 2012, the Debtor submitted a proposed wage order in accordance with the applicable local rules of this district [Docket No. 23]. The Court approved the wage order on May 15, 2012 (the "Wage Order") [Docket No. 26]. Pursuant to the terms of the Wage Order, CRES Management, LLC was directed to withhold $1,230.00 per month from the Debtor's wages and forward those amounts to the chapter 13 trustee [Docket No. 26].

3. On June 28, 2012, the Court held a hearing to consider confirmation of the Debtor's proposed chapter 13 plan [Docket No. 36]. The Trustee opposed confirmation due to the Debtor's failure to begin making plan payments [Docket Nos. 31 and 32]. At the hearing, the Debtor's counsel explained to the Court that a problem existed with the wage order and that counsel needed a short continuance so that he could contact CRES Management, LLC and seek compliance with the Court's Wage Order [Docket No. 36]. Based on counsel's representations, the Court continued the confirmation hearing to July 19, 2012 [Docket No. 36].

4. On July 19, 2012, the Debtor appeared and again informed the Court that CRES Management, LLC was not complying with the Court's Wage Order [Docket No. 42]. Based on the representations of the Debtor and her counsel, the Court issued its Order to Show Cause

[Docket No. 44]. In paragraph 1 of the order, the Court directed that "[a] corporate representative of CRES Management, LLC, Ms. Teresa K. Lippert and Ms. Amanda McCurley shall appear before this Court on August 2, 2012 at 11:30 a.m. (Houston time) in Courtroom 400, 515 Rusk, Houston, Texas and show cause why they are not in contempt of this Court's Order." The Court further advised the parties that the failure to appear would result in the issuance of a bench warrant.

5. Prior to the hearing, a lawyer for Ms. Lippert contacted the Court's case manager and informed the Court that Ms. Lippert would be appearing at the hearing by phone. Counsel was informed that parties could not unilaterally change the Court's Show Cause Order and that the parties were expected to appear in person.

6. On July 26, 2012, CRES Management, LLC, Teresa K. Lippert and Amanda McCurley (collectively, the "CRES Group") filed a notice of appearance and designation of lead counsel [Docket No. 49]. On July 27, 2012, the CRES Group filed its response to the Court's Show Cause Order [Docket No. 51]. In their response, the CRES Group stated the following:

- CRES Management, LLC received the Court's Wage Order on May 24, 2012.

- Upon receipt of the Wage Order, CRES Management, LLC forwarded the Wage Order to its third party payroll service. CRES Management, LLC acknowledged that it took no further action to ensure that it was complying with the Court's Wage Order.

- In the first week of July, 2012, the Debtor informed CRES Management, LLC that there was a problem with the Wage Order. The Debtor told CRES Management, LLC that her attorney would contact them to address the problem. The CRES Group stated that they never heard from the Debtor's attorney. It is undisputed that CRES Management, LLC took no action to review its compliance with the Court's Wage Order.

- CRES Management, LLC received the Court's Show Cause Order on July 23, 2012. Upon receiving the Show Cause Order, CRES Management, LLC quickly determined that it was not in compliance with the Wage Order and directed its third party payroll service to correct the problem via telephone.

7. On August 1, 2012, CRES Management, LLC and Teresa Lippert filed a notice informing the Court that Ms. Lippert could not attend the August 2, 2012 hearing because of a "medical condition."[1] The notice further stated that Ms. Lippert had designated Nichole Ramer as the corporate representative of CRES Management, LLC in her absence and that she (Ms. Lippert) would attend the hearing by telephone.

---

[1] Attached to the notice is a "doctor's note" dated August 1, 2012 signed by a podiatrist that Mr. Lippert was "not able to travel due to increased foot pain." [Exhibit A to Docket No. 53].

8. On August 2, 2012, the Court convened a hearing on its Show Cause Order. Amanda McCurley and Nicole Ramer appeared in person. In response to questions posed by the Court, Ms. McCurley satisfied the Court that she had little knowledge of relevant matters and functioned primarily as an administrative assistant to Ms. Lippert. Ms. McCurley was promptly excused from the proceeding.

9. Ms. Ramer testified that she was appearing as the corporate representative of CRES Management, LLC. Ms. Ramer stated that she had no idea what a corporate representative was supposed to do and that she had no authority to act on behalf CRES Management, LLC. When asked who appointed her as CRES Management's corporate representative, she pointed to her counsel. The Court finds this type of manipulation orchestrated by counsel to be in bad faith and an intentional artifice designed to thwart this Court's Show Cause Order.

10. With respect to Ms. Lippert, the Court was informed by counsel that Ms. Lippert was unable to walk[2] and that she was appearing by telephone. When questioned by the Court, Ms. Lippert told the Court that she was calling in from her office and that she had gotten to her office that morning by walking from her car drive.

11. Although the Court had serious concerns regarding Ms. Lippert's and her counsel's[3] statements, the Court inquired as to when Ms. Lippert would be able to travel. Based on Ms. Lippert's statements, the Court continued the hearing to August 20, 2012. The Court also required Ms. Ramer to produce the Debtor's personnel file at the August 20, 2012 hearing.

12. On August 20, 2012, the Court reconvened the hearing. Both Ms. Ramer and Ms. Lippert appeared and testified. It was uncontroverted that CRES Management, LCC failed to comply with the Court's Wage Order. Instead, the CRES Group argued that they had proceeded in good faith and that they shouldn't be sanctioned.

13. The Debtor provided testimony regarding her counsel's efforts to contact CRES Management, LLC in response to the CRES Group's allegation that no attempt had been made to contact them after receiving the Debtor's notification that a problem existed in the first week of July. The Debtor's witness provided detailed testimony regarding the times and dates of the contacts. The Court finds this testimony to be credible.

---

[2] The Court was informed that Ms. Lippert suffered from *plantar fasciitis*. *Plantar fasciitis* is the inflammation of the thick tissue on the bottom of the foot. It connects the heel bone to the toes and creates the arch of the foot. The condition occurs when the tissue is overstretched or overused. The most common symptom is pain and/or stiffness in the bottom of the heel. Treatments include stretching exercises, custom-made shoe inserts and steroid shots into the heel. A.D.A.M. MEDICAL ENCYCLOPEDIA.

[3] The Court's statements regarding the questionable conduct of CRES Management's counsel refer to Mr. Quados. At the August 20 hearing, Mr. Hawes took over for Mr. Quados. Mr. Hawes' conduct in this proceeding has been exemplary.

14. At the conclusion of the hearing, the Court required the chapter 13 trustee and the Debtor to each file a bill of costs setting forth the fees and expenses incurred in connection with the CRES Group's failure to comply with the Court's Wage Order.

15. The chapter 13 trustee filed his bill of costs in the amount of $812.50 on August 21, 2012 [Docket No. 66]. CRES Management, LLC promptly stipulated to the reasonableness and necessity of the chapter 13 trustee's fees [Docket No. 68].

16. The Debtor filed her bill of costs in the amount of $7,835.00 on August 23, 2012 [Docket No. 69]. CRES Management, LLC filed its objection to the Debtor's bill of costs on September 7, 2012 [Docket Nos. 72 and 73]. The Court finds that portion of CRES Management, LLC's objection related to charges concerning the pending adversary to be proper. The Court therefore finds that the proper amount of the Debtor's fees and costs attributable to CRES Management, LLC's failure to comply with the Court's Wage Order should be reduced to $4,718.00. The remainder of the objection is overruled.

17. On September 11, 2012, CRES Management, LLC filed its "Supplemental Brief in Response to the Court's Order to Show Cause." The pleading attempts to add arguments and evidence not presented at trial to the record in this case. The pleading was not authorized and evidences the continued willingness of CRES Management, LLC to play fast and loose with the bankruptcy process and this Court's authority. However, the Court will consider the pleading in an abundance of caution and in order to ensure that all procedural safeguards have been followed.

18. The pleading states that Ms. Lippert had an injection of corticosteroids in her feet on July 31, 2012 to which she had an allergic reaction that rendered her unable to bear weight on her feet for 48 hours. The Court does not make light of *plantar fasciitis* and the discomfort that the condition can cause. The Court notes that Ms. Lippert provided evidence at the August 20 hearing that she had booked a ticket to attend the August 2, 2012 hearing in Houston. The Court appreciates that some effort had been made to attend the hearing. However, as is typical of the behavior of CRES Management in this matter, it was too little too late. The Court is also unable to reconcile "the inability to bear weight on her feet for 48 hours" with Ms. Lippert's statement that she walked to her office to listen to the August 2 hearing.

19. CRES Management also attempts to place the blame on its failure to comply with the Court's Wage Order on the Debtor. The Court finds the CRES Group's acknowledgement of the noncompliance but the consistent and continuing refusal to take responsibility to constitute bad faith.

## Analysis

20. The Court has jurisdiction over this contested matter pursuant to 11 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. 157(b)(2)(A) and (O). The Court has constitutional authority to enter a final order in this matter.

21. This Court has authority to conduct civil contempt proceedings. *Placid Refining Co. v. Terrebone Fuel and Lube, Inc. (In re Terrebone Fuel and Lube, Inc.),* 108 F.3d 609 (5th Cir. 1997). This authority is grounded in 11 U.S.C. § 105. *Id.* at 613. The Court may implement any remedy reasonably designed to either (i) coerce compliance with a court order; or (ii) compensate a party for a contemnor's violation. *Alkasabi v. Rampart Acquisition Corp. et al.*, C.A. No. H-09-4116, 2011 WL 1232341 (S.D. Tex. March 31, 2011). The purpose of awarding damages as a sanction for violating a court order is to reimburse the affected party for losses and expenses incurred because of noncompliance. *Norman Bridge Drug Co. v. Banner*, 529 F.2d 822, 827 (5th Cir. 1976).

22. A party commits contempt when it violates a definite and specific court order requiring it to perform a particular act with knowledge of the Court's order. *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995), *aff'd*, 588 F.3d 254 (5th Cir. 2009). Willful intent is not relevant. *American Airlines, Inc. v. Allied Pilots Assoc.*, 228 F.3d 574, 581 (5th Cir. 2000). Once the failure to comply with a court order has been established, the alleged contemnor bears the burden of showing mitigating circumstances or that the alleged contemnor substantially complied with the Court's order or made every reasonable effort to comply. *Faulkner v. Kornman (In re The Heritage Organization, LLC)*, Bankruptcy No. 04-35574-BJH-11, 2010 WL 3516174, *2 (Bankr. N.D. Tex. Sept. 3, 2010), *citing FDIC v. LeGrand*, 43 F.3d 163, 170 (5th Cir. 1995).

23. It is undisputed that CRES Management, LLC knew of the Court's Wage Order and failed to comply with its provisions. No issue has been raised regarding the specificity of the conduct that was required under the Wage Order. Likewise, it is undisputed that CRES Management, LLC did nothing to ensure its compliance with the Wage Order until it received the Court's Show Cause Order. When it learned that a potential consequence existed for its non-compliance, CRES Management, LLC's own witnesses testified that the situation was remedied with a short phone call. CRES Management, LLC and its officers did not act in a reasonable manner.

24. CRES Management, LLC and its counsel compounded what should have been a relatively straightforward manner by attempting to distort the truth. These devices did nothing more than increase the costs of this proceeding and destroy the credibility of both counsel and CRES Management, LLC. The Court suggests that a more proper course of action would have been to have acknowledged the truth, accepted responsibility and apologized. The result to all parties would have been more positive, counsel would have complied with his ethical duties and the bankruptcy process better served.

25. The Court determines that the proper result in this case is for CRES Management, LLC and Teresa Lippert to reimburse the parties for their costs that were incurred as a result of their actions. As it is impossible to separate the impact of the individual actions of CRES Management LLC and Teresa Lippert and in view of Ms. Lippert's relationship and control over CRES Management, LLC, the reimbursement obligation will be joint and several.

26. Accordingly, CRES Management, LLC and Teresa Lippert will jointly and severally pay the sum of $812.50 to the chapter 13 trustee and the sum of $4,718.00 to the Debtor's counsel. These payments are to be made in good funds within seven days. All other relief is denied. A separate order will issue consistent with the foregoing.

**SIGNED: October 19, 2012.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**